IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

GINO MORALES, individually and )
on behalf all others similarly situated, )
)
                                      Plaintiff, )
)
v. )   No._____
)
SAM'S SPORTS BAR AND GRILL, LLC, )
SAM'S SPORTS GRILL – MUFRESSBORO, )   FLSA COLLECTIVE
LLC, SAM'S SPORTS GRILL – OLD HICKORY )   ACTION
, LLC, SAM'S SPORTS GRILL – WESTGATE, )
LLC, SAM'S SPORTS GRILL – )
HENDERSONVILLE, LLC, SPERRY'S )
RESTAURANTS, INC., SPERRY'S )
RESTAURANT – COOL SPRINGS, )
LLC, AL THOMAS, and SAM SANCHEZ, )
                                      Defendants.

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Gino Morales, brings this action on behalf of himself and all others similarly situated against Defendants for violations of the Fair Labor Standards Act (FLSA) located at 29 U.S.C. §201 *et.seq*.

**PARTIES, JURISDICTIO AND VENUE**

1. Plaintiff, Gino Morales, is a citizen of the State of Tennessee currently residing in Whites Creek, TN. Plaintiff was employed as a server at Sam's Sports Bar and Grill – Old Hickory, LLC from March 2015 until September 2015.

1

2. Defendant, Sam's Sports Bar and Grill, LLC (hereinafter "Sam's") is a Tennessee limited liability company. The principal address listed with the Tennessee Secretary of State is 1803 21st Ave. S., Nashville, TN 37212-3705. Sam's may be served through its registered agent for service of process Al Thomas, 7708 Scenic River Lane, Nashville, TN 37221-2349.

3. Defendant, Sam's Sports Grill – Murfreesboro, LLC (hereinafter "Sam's – Murfreesboro") is a Tennessee limited liability company with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sam's –Murfreesboro may be served through its registered agent for service of process Al Thomas, 7708 Scenic River Lane, Nashville, TN 37221-2349.

4. Defendant, Sam's Sports Grill – Old Hickory, LLC (hereinafter "Sam's – Old Hickory") is a Tennessee limited liability company with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sam's – Old Hickory may be served through its registered agent for service of process Francine Glynn, 5109 Harding Pike, Nashville, TN 37205-2802.

5. Defendant, Sam's Sports Grill, Westgate, LLC (hereinafter "Sam's – Westgate") is a Tennessee limited liability company with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sam's – Westgate may be served through its registered agent for service of process, Al M. Thomas, 5109 Harding Pike, Nashville, TN 37205-2802.

6. Defendant, Sam's Sports Grill – Hendersonville, LLC (hereinafter "Sam's-Hendersonville") is a Tennessee limited liability company with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sam's – Hendersonville, may be served through its registered agent for service of process, Al M. Thomas, 7708 Scenic River Lane, Nashville, TN 37221-2349.

7. Collectively, Sam's, Sam's, Sam's - Murfreesboro, Sam's – Old Hickory, Sam's - Hendersonville, and Sam's – Westgate are hereinafter referred to as the "Sam's Defendants."

8. Defendant, Sperry's Restaurants, Inc. (hereinafter "Sperry's") is a Tennessee for profit corporation with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sperry's, may be served through its registered agent for service of process, Al M. Thomas, 5109 Harding Pike, Nashville, TN 37205-2802.

9. Defendant, Sperry's Restaurant – Cool Springs, LLC (hereinafter "Sperry's – Cool Springs") is a Tennessee limited liability company with a principal address of 5109 Harding Pike, Nashville, TN 37205-2802. Sperry's – Cool Springs may be served through its registered agent for service of process, Al M. Thomas, 5109 Harding Pike, Nashville, TN 37205-2802.

10. Sperry's and Sperry's – Cool Springs are hereinafter collectively referred to as the "Sperry's Defendants."

11. Defendant, Al M. Thomas is one of two co-owners of the Sam's Defendants and Sperry's Defendants. Al Thomas may be served at 5109 Harding Pike, Nashville, TN 37205-2802.

12. Defendant, Sam Sanchez is the other co-owner of the Sam's Defendants and Sperry's Defendants. Sam Sanchez may be served at 5109 Harding Pike, Nashville, TN 37205-2802.

13. Jurisdiction is proper pursuant to 29 U.S.C. §201; 29 U.S.C. §216, 28 U.S.C. §1331 and 28 U.S.C. §1337(a).

14. Venue is proper pursuant to 28 U.S.C §1391 because Defendants transact business in this district and most of the actions complained of occurred in this district.

15. Plaintiff is a former employee of Defendants and is a covered employee under the FLSA.

16. The Sam's Defendants and the Sperry's Defendants are businesses engaged in a commercial enterprise and are covered employers under the FLSA. The individual Defendants, Al Thomas and Sam Sanchez, are co-owners of the Sam's Defendants and the Sperry's Defendants, exercise functional control over their operations, and are also employers under the FLSA.

17. In addition to Plaintiff, Defendants employ, and have employed within the last three years, additional similarly situated employees.

## FACTUAL ALLEGATIONS

18. The "Sam's Defendants" are sports bar and grills owned and operated by Defendants Al Thomas and Sam Sanchez. Likewise, the Sperry's Defendants are restaurants co-owned and operated by Al Thomas and Sam Sanchez. While organized as separate legal entities the Sam's Defendants and Sperry's Defendants operate under the central management and control of Al Thomas and Sam Sanchez.

19. The Sam's Defendants operate Sam's Sports Bar and Grill at various locations and employ servers to take orders and serve food and drink. The Sperry's Defendants operate two restaurants and also employ servers to take orders and serve food and drink.

20. Plaintiff, Gino Morales was employed as a server at Sam's - Old Hickory from March 2015 until September 2015.

21. The federal minimum wage for hourly employees is $7.25 per hour. While a server at Sam's - Old Hickory Plaintiff was paid $2.13 per hour and Sam's claimed a "tip credit" of $5.12 per hour. At the end of each shift Plaintiff was forced to pay back to Sam's a percentage of the tips he earned labeled a "TIPSHARE" on his nightly cash out report. Some, or all, of the

4

"TIPSHARE" amount was divided among individuals who did not customarily and regularly receive tips, including the owners, Al Thomas and Sam Sanchez. The "TIPSHARE" scheme, and how it was divided was never fully explained to Plaintiff by his employer.

22. Upon information and belief, an identical "TIPSHARE" system was imposed upon all servers at all of the Sam's Defendants' locations as well as the two Sperry's locations.

## CAUSE OF ACTION -FAIR LABOR STANDARDS ACT

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. The Defendants are collectively an "employer" as that term is defined by the Fair Labor Standards Act, 26 U.S.C. §203.

25. Defendants pay their servers $2.13 per hour and then claim a "tip credit" of $5.12 per hour. Claiming such a "tip credit" is only valid under the FLSA if the employer gives proper notice and the employee retains all tips received, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. Defendants did not provide Plaintiff proper notice or explanation of the tip credit it claimed or any tip pooling. Defendants' "TIPSHARE" scheme is not a valid tip pooling arrangement because it was never explained to the employees, and some or all of the tips were divided among employees or persons who do not customarily and regularly receive tips, including the two owners, Al Thomas and Sam Sanchez. Thus, Defendants are not entitled to the "tip credit" and failed to pay Plaintiff and other servers minimum wage.

5

26. Plaintiff, on behalf of himself and others similarly situated, brings the following cause of action against the Defendant: Willful failure to pay minimum wage compensation in violation of the Fair Labor Standards Act of 1938.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for minimum wage compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages in that they have been denied minimum compensation for time worked over the last three years prior to filing this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as his own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. §216(b) for purposes of collectively adjudicating their claims for minimum wage compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays for the following relief:

1. Authorization to issue notice pursuant to 29 U.S.C §216(b) at the earliest possible time to all current and former employees for whom Defendants claimed a "tip credit" during the three years immediately preceding the filing of this action informing them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit if they were not paid minimum wage compensation as required by the FLSA.

2. A declaratory judgment that Defendants have violated the minimum wage provisions of the FLSA, 29 U.S.C. §207, as to Plaintiff and similarly situated persons who opt into this action;

3. A declaratory judgment that Defendants' violations of the FLSA were willful;

4. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid minimum wage compensation to be proven at trial.

5. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the minimum wage compensation shown to be owed to them pursuant to 29 U.S.C. §216(b);

6. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

7. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

MCCUNE ZENNER HAPPELL, PLLC

_____
MATHEW R. ZENNER (#018969)
5200 Maryland Way, Suite 120
Brentwood Tennessee 37027
Telephone: (615) 425-3476
Facsimile: (615) 251-6958
Email: mzenner@mzhlawfirm.com
Attorney for Plaintiff