UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINO MORALES, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:15-cv-01187 |
| ) | |
| SAM'S SPORTS BAR AND GRILL, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS

COME NOW Plaintiffs Gino Morales, Chelsea Hudson-Perez, Adrianna Martinez, Anna Derrington, Christina Haile, Thomas Kooman, Caitlin Shaffer, Tiffany Fancher, Jenna Heideman, Samantha Hardman, Kristin Schilling, Taylor Skinner, Patience Anderson, Heather Markman, Julie Rackauskas, Kayla Walker, Rebecca Wells, Taylor Oursler, Timothy Carroll, David Peach, Kristin Key, Raquel Ziebart, Teisha Stuben, Alex Landau, Cassandra Myers, Andrea Bettancourt, Bria Presley, Brittany Climer, Channing Adams, Charles Nicholas Gatlin, Chennille Turner, Chelsea Harmon, Emily Osteen, Emma Grafton, Griselda Cardiel, Junamae Rice, Katie Bultema, Leslie Losey, Lindsey Raines, McKenzie Hood, Katie Abell, Lauren Rumsey, Morgan Ferris, Nathan Fair, Ronnie Attar, Savannah Pickard, Hailey Roche, Heather Cope, Brady Ledwell, and Chelsea Fedun (collectively "Settling Plaintiffs") and Defendants Sam's Sports Bar and Grill, LLC, Sam's Sports Grill -- Murfreesboro, LLC, Sam's Sports Grill – Old Hickory, LLC, Sam's Sports Grill – Westgate, LLC, Sam's Sports Grill – Hendersonville, LLC, Sperry's Restaurants, Inc., and Sperry's Restaurant – Cool Springs, LLC, Al Thomas, and Sam Sanchez (collectively "Defendants"), and jointly notify the Court that the Settling Plaintiffs

and Defendants have reached settlement of all claims contained in this action.  Upon approval of this settlement by the Court, settling Plaintiffs and Defendants stipulate to the voluntary dismissal with prejudice of all claims in the Complaint.  The parties thus jointly move the Court for entry of an Order approving the settlement and dismissing Plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act").

## I.	BACKGROUND

This case involved claims that Defendants required servers to contribute to an impermissible tip pool, in violation of the FLSA. Plaintiff Gino Morales filed this action on behalf of himself and others similarly situated on November 9, 2015. Defendants' moved to compel arbitration and dismiss Plaintiff's claims on various grounds. Thereafter, Morales filed an Amended Complaint adding as a named Plaintiff Chelsea Hudson Perez.

On or about January 26, 2016, Defendants reached a settlement with Plaintiffs Morales, Hudson Perez, and then unnamed plaintiff, Adriana Martinez. After the Parties filed their Notice of Settlement with the Court, additional plaintiffs indicated their intent to participate in the lawsuit. In an effort to conserve judicial resources, on April 28, 2016, the Parties engaged in pre-discovery mediation regarding the claims of the additional plaintiffs, at which, they were able to able to reach a mutually agreeable resolution.[1]

Settling Plaintiffs have executed settlement agreements. To facilitate the Court's review of the Parties' mutual settlement agreements, the Agreements executed by Plaintiffs Morales, Hudson-Perez, and Martinez are attached as Collective Exhibit 1. The collective settlement agreement negotiated at the April 28, 2016 mediation and executed by the remaining plaintiffs is

---

[1] In furtherance of settlement negotiations, Defendants voluntarily provided Plaintiffs' counsel with documents pertinent to the allegations of these additional plaintiffs, including all pertinent time records and payroll data.

attached as Exhibit 2.[2] The signature pages of those plaintiffs who were parties to the April 28, 2016, agreement are attached as Collective Exhibit 3.[3]

## II. LEGAL PRINCIPLES

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after having determined that the settlement involves the resolution of a *bona fide* dispute and is fair and reasonable. *See Dillworth v. Case Farms Proc., Inc.,* 2010 U.S. Dist. LEXIS 20446, at ** 12-13 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Lafayette Urban County Gov't,* 2008 U.S. Dist. LEXIS 90070, at ** 10-12 (E.D. Ky. Oct. 23, 2008); *see also, D. A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946).

The proposed settlements arise out of an action brought by Plaintiffs against their alleged employer, which was adversarial in nature. During the litigation and settlement of this action, Settling Plaintiffs were represented by experienced counsel. The parties undertook detailed legal and factual analyses of the claims and defenses in this civil action. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

---

[2] To protect the confidentiality of the Parties' Agreements, the settlement agreements have been filed under seal. A Joint Motion and Memorandum of Law requesting to file these under seal have also been filed contemporaneously herewith.

[3] The Parties will file the executed signature pages for Plaintiffs Christina Haile, Samantha Hardman, Taylor Oursler, David Peach, Brittany Climer once they are received.

The settlement of these claims is the result of a bona-fide compromise between the Settling Plaintiffs and Defendants on a variety of disputes of law and fact. The parties stipulate that they are resolving the matter in order to avoid the cost, time, and risks associated with continued litigation. The Parties undertook detailed legal and factual analyses of the claims and defenses in this civil action. All Parties agree there is a bona-fide dispute regarding Plaintiffs' ability to prove a violation of the FLSA, whether many of the Settling Plaintiffs' claims are subject to arbitration, whether Plaintiffs may assert their claims collectively or must bring them individually, and whether and to what extent liquidated damages may be applicable in the event Plaintiffs were successful in establishing liability.

The settlements negotiated and reached between the Settling Plaintiffs and Defendants reflect a reasonable compromise of the disputed issues. Plaintiffs Gino Morales, Chelsea Hudson-Perez, and Adrianna Martinez, as the initial Plaintiffs in this action, will receive make-whole compensation, (all back pay, liquidated damages, attorneys' fees, and costs) available to them under the FLSA. With regard to the additional Settling Plaintiffs, the Parties, through their attorneys, voluntarily agreed to the terms of their settlement after a mediation with a mediator experienced in FLSA collective action cases. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement processes. Counsel for all Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. The Parties attest to the fairness and reasonableness of their amicable settlement, and request the Court approve the settlement and dismiss the Settling Plaintiffs from this action with prejudice. The Parties agree and hereby stipulate that the amounts set forth in respective the settlement agreements is sufficient to compensate Settling Plaintiffs for all amounts allegedly owed.

The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Settling Plaintiffs, and it is the Parties' intention that the Settling Plaintiffs be permanently terminated from pursuing this action The Parties agree and hereby stipulate that the amounts set forth in respective the settlement agreements is reasonable compensation to Settling Plaintiffs for all amounts allegedly owed in light of the disputed issues.

### III.   CONCLUSION

The Parties jointly and respectfully request this Court approve the mutual settlement agreement between each of the Plaintiffs and Defendants, and dismiss this action with prejudice.

Respectfully submitted this 27th day of May, 2016.

| **FORD HARRISON, LLP** | **MCCUNE ZENNER HAPPELL, PLLC** |
|---|---|
| s/Joshua J. Sudbury | s/Mathew R. Zenner *(w/permission)* |
| Mark E. Stamelos (TN 021021) | Mathew R. Zenner (#018969) |
| Joshua J. Sudbury (TN 028162) | 5200 Maryland Way |
| 150 Third Ave South, Suite 2010 | Suite 120 |
| Nashville, Tennessee 37201 | Brentwood, TN 37027 |
| Telephone: (615) 574-6700 | P 615-425-3476 |
| Facsimile:  (615) 574-6701 | F 615-251-6958 |
| mstamelos@fordharrison.com | mzenner@mzhlawfirm.com |
| jsudbury@fordharrison.com | |
| | *Counsel for Plaintiffs* |
| *Counsel for Sam's Sports Grill – Old Hickory, LLC Sam's Sports Bar and Grill, LLC, Sam's Sports Grill -- Murfreesboro, LLC, Sam's Sports Grill – Westgate, LLC, Sam's Sports Grill – Hendersonville, LLC, Sperry's Restaurants, Inc., and Sperry's Restaurant – Cool Springs, LLC* | |

| **THE BLACKBURN FIRM, PLLC** | **LITTLER MENDELSON, P.C.** |
|---|---|
| s/W. Gary Blackburn *(w/permission)* | s/J. Christopher Anderson *(w/permission)* |
| W. Gary Blackburn (#3484) | J. Christopher Anderson (#019279) |
| Bryant Kroll (#33394) | 333 Commerce Street, Suite 1450 |

213 Fifth Avenue North, Suite 300
Nashville, TN 37219
615-254-7770
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com

*Counsel for Defendants Al Thomas and Sam Sanchez*

Nashville, TN 37201
615-383-3033
chrisanderson@littler.com

*Counsel for Defendants Sam's Sports Grill – Westgate, LLC, Al Thomas and Sam Sanchez*

WSACTIVELLP:7838823.1

WSACTIVELLP:8423387.1